Our next case is number 17-3095, Muateh v. Fleming. Council, what's the correct pronunciation of your client? Muateh. Say it again. Eric Muateh. Thank you. May it please the court, Judge McHugh, Judge Matheson, and Judge Phillips. My name is Adebayo Ogumeno. I represent Eric Muateh and Casey King, and of course myself, because there is attorney sanction involved. This case is a case of a group of citizens by the name of summary judgment in Pittsburgh, Kansas. They believe that there is what they think is corruptions or collusion between local attorneys and judges, and so they decided to have what they call jury petition to oust all the judges in the 11th Judicial District of Kansas. So they started a jury petition drive, and when they did that, they were getting some tracking, and there are a number of petitions they have to get to meet the petition before the court can be involved. So they decided to buy a radio advertisement to enhance their effort in getting the required signature. In this case, the radio ad started to run, but the first day it ran successfully. The second day, I believe, it was running. Then one of the judges in the district judge, Judge Lloyd, I believe he indicated that someone called him about the radio advertisement and that they are going to ask all the judges, including him and Judge Fleming. Judge Lloyd called Judge Fleming in the office, and they discussed the content of the radio ad. I must add that the two judges have not had the radio ad according to what they indicated in the record, but they are acting on the information that they received from this unknown person. After the two judges discussed, Judge Fleming wrote an email, a letter to a local counsel, a local attorney, who was her former law partner before she became a judge, and who owns the radio station where Plaintiff's radio ad was running. And he wrote the email telling him what, basically, what does he know about the case, the advertisement. The issue was that my client didn't know what was going on until later that day, the second day that the ad was running, which was billed for 30 days, that they canceled the radio ad. So eventually, they hired my services. I started to investigate the case, and fortunately, we were able to obtain this secret email that, because I call it secret, as we mentioned, the judges, well, of course, we have what we call the suit that we brought was a conspiracy issue that the two judges conspired together, and then they hired the attorney so that they can cancel the radio ad. So we were able to obtain the email from an anonymous source, but the email did not have some portion that was cut off, but everybody agreed that the content that was physical was the email from Judge Fleming, and he indicated about asking. But the potential part is the end of it, where it was cut off. And then my clients were asking around town about what did they know about this issue. They even believed that the email sent to other attorneys in town. So from the information they gathered and the anonymous source that we have, they indicated that Judge Fleming, in that email, ordered the attorney who was practicing before her, who was a former partner, to cut off the radio advertisement. And so one of the clients in the email that I have, have some graphic that I filed, I filed that email, where at the end of it it indicated that, in a paragraph, it indicated that the end of, what the end of the email will say. Basically that the judge ordered Mr. Watcher to cancel the radio ad. Okay, and I think one of the things that the court focused on here was that in your complaint, it just cites the, your version of the email as if it is what the email said. And then you have an attachment to the complaint that has the doctored version with the brackets and the, what you call the unofficial version of the email. And so I guess the focus of the Rule 11 sanctions here are that after the actual copy of the email was delivered to you by Judge Fleming and her counsel, that you didn't withdraw your complaint or amend it to indicate that what you said in your complaint was not true. That's, that's, that's partially correct, you know, is that the, no, we didn't get the email until after we were in the case. Actually, that's one of the complaints that I was mentioning here. The email that Judge Fleming then delivered, it was after we have already filed the complaint that I attached. Yes, I admit that in hindsight, 2020, I should have do a better job paraphrasing that email, but I don't think that it was provided to mislead the court because in my email, I was just saying that that's what substantially what the email is going to say, and I attached the email that will have those graphic in it to show that I'm not saying that's the, well, of course, maybe the language issue when I, when I term it unofficial, I'm trying to represent that it's not the original email because at that time, we don't have access to the original email. We don't know the email even, the original email even exists, and when they file the answer, they are saying that we probably stole that email from them because as the court is aware, this is a conspiracy. There's no way we can get access to that email at the time that I was doing the investigation and at the time because of the statute of limitation at the time. Well, why couldn't you simply call up once you had the partial one that you said you got from an anonymous source? Why couldn't you call opposing counsel and say, here's what I have, may I please have the full email? Did that happen? No, we don't have opposing counsel at the time that I filed the, when I filed the complaint. I didn't have opposing counsel at that time. Wasn't it on the second amended complaint that it got attached? Yes, it's the second amendment complaint, but the first amendment was just to add some plaintiff to the case, but the second amendment, by the time we have the second amendment is when we have opposing counsel. And then I attached the, that's when the email was attached. It wasn't when we originally filed the complaint. So, and then when we filed it, of course, we started to discuss the issue of the email. Then we sent it to a forensic expert to see if the email that they sent to us was the original email. And we have a return back that it was modified because the way that the counsel authorized the client to send the email to him will always result in modification. And that was in our appendix, page 178, where we have an expert witness discuss that, and appendix page 165 as well. Yes, I admit that, yes, I should have done a better job in paraphrasing that issue. The court, I mean, in the Rule 11 sanctions, they're focused on what happened after the other side contacted you on what they call the golden rule letter and provided you with the actual copy of the email and requested that you withdraw the complaint and take other actions to correct the misrepresentations in the complaint. And the focus, as I see it, on their request for sanctions, on the amount of attorney's fees, is on everything that happened from the time they sent you that letter. Shouldn't you, at that point, at least, have withdrawn the allegations with regard to the unofficial version of the email? Yes, I should have. Again, I signed 2020, I should have withdrawn it. But at that time, I've submitted the email to the forensic evidence to examine, plus the information that the original email was in George F. Fleming's email in the office. So if he says what he said he says, then, yes, we won't have any reason to move forward because that would be what the email says. But again, the issue that we have here is that there is also a state claim law that we believe that the... Well, counsel, before you get to that argument about the state claims, to the extent that the district court determined there was a Rule 11 problem here, do you agree that the court had discretion at that point to dismiss the claims with prejudice? Yes, I believe the district court has discretion to do whatever within its power. But in this case, I think, given all the cases that I've pointed out in the case, is that even though, yes, this suggestion is suggesting that the district court has actually ordered in that email that they withdraw the... That they cancel the order, but we are saying that our position is this is not an extreme situation where... So are you not contesting that a Rule 11 sanction was appropriate and instead what you're really contesting is the sanction itself? Yes, yes. And have you found any cases in this circuit where this court has reviewed a district court's decision to dismiss a case with prejudice based on a Rule 11 violation? Is there any precedent for this? For... Well, no, I haven't found any basic precedent. We had a district court dismiss, but what we are saying when the... Most of the cases I see is an egregious situation where counsel actually, you know, misled the court or they do something that is really, really bad or did not follow the court order. But in this case, yes, within the time frame when they already filed the motion to dismiss, the motion for sanction, and we just waiting because we really ask for time so that I can use that time to determine whether I should withdraw the case or ask for another amendment so that we don't use the thing that we didn't have any of that time. We just have time to respond to the district court... What is your argument specific to the state claims? Well, my argument to the state claim is that the state claims are not intertwined with the federal claim in this case. In other words, the state claim by itself is independent because there's a breach of contract. It doesn't have anything to do with the breach of the contract. And then there's also a state claim for interference with a contract, which has... The email doesn't have anything to do with that. So we are saying that even if the federal court is going to dismiss the Section 1983 claim, then the state claim that are independent should be allowed to move forward. They're going to use that as sanction. The other argument we have is that the other party filed their motion for sanction after the case has already been dismissed. You've run out of time. Do you want to finish your point? Yes. What I was going to say is that the district court also gave that party a sanction, which, according to the cases in the 10th Circuit, is not allowed. Thank you very much. Thank you, counsel. Good morning, your honors. May it please the court. Brian Clark appearing on behalf of Fleming and Loy. With me at counsel table is Bernard Rhodes. He represents My Town Media and Joe Manz. And we plan to split our time this morning. I plan to take about the first 12 minutes and leave Mr. Rhodes about three, if that's all right with the court. All right. Thank you. The bottom line here is that the appellants misled the district court. Given the egregious Rule 11 violations here, the district court did not abuse its discretion in striking the second amended complaint, dismissing the case, and awarding attorneys fees. Do you have any comparable case from this circuit where a court has dismissed with prejudice for a Rule 11 violation? I don't have a case that's similar to this one, but I have a couple of responses. One is that that is not an argument that the appellants have ever made. As you heard in the opening part of the argument, the appellants aren't contesting the district court judge's authority. It even sounded like they were conceding a Rule 11 violation and conceding that as long as the Rule 11 violation is bad enough, the district court can dismiss the case. Now, more directly related in a more direct response to your question, I did, in preparing for today, find a couple of unpublished cases. One where the district court had dismissed a complaint under Rule 11, and the other where the district court dismissed the complaint, I believe it was under 12b-6, but then entered an order saying that no subsequent claim based on the same allegations could be filed. Are these cases cited in your brief? They are not, and they're unpublished. I can give you the citations if you like. Why don't you send us a 28-J letter? I'd be happy to do that. But again, at this point, any argument with respect to the district court's authority to enter the order, whether she can strike a complaint or dismiss a case under Rule 11, that's been waived. This case has been litigated from the district court on under the assumption that under Rule 11, where the Ehrenhaus factors are satisfied, the district court acts within its discretion to strike a complaint. The Ehrenhaus factors have been used in the discovery context, correct? Not in the Rule 11 context. So, why should they apply in the Rule 11 context? So, I think they should apply in the Rule 11 context because you're right, Ehrenhaus was a discovery case, and most of the cases citing the Ehrenhaus factors are discovery cases. There are general factors that help a district court assess how serious the violation is and whether the very harsh sanction of dismissal is appropriate. And so, there are general factors that aren't key to anything specific to discovery, and there's no reason why they couldn't be applied in this situation. And the reason the district court applied them here in guiding her discretion in whether she should strike the complaint and as a result then dismiss the case is because the framing of those factors is quite broad and does apply. I will also add under Rule 11, the rule is very broad. It allows for any appropriate sanction. It says that any sanction is allowed non-monetary. It includes monetary for attorney's fees. And the purpose of the Rule 11 sanction is served here directly. The purposes are to ensure that victims are compensated and then to allow a district court to manage her courtroom. And I think that is central to this case because the reason I started that the appellants misled the district court, we know that for a fact here, because what happened was they filed improperly a Second Amended Complaint. In the interim, the district court took up their request for leave to file a Second Amended Complaint, and the defendants' motions to dismiss. In granting in part the appellant's leave to file a Second Amended Complaint, she looked at the allegations in that complaint. She saw, you know, in paragraph 48 of that complaint and in Appendix 2 that plaintiffs were saying and quoting an email from Judge Fleming where they claim that she's told Mr. Walker to get the ad off the air. Turns out that allegation was totally false. When confronted with the false idea of that allegation, appellants dug their heels in. He's now saying that 20-20 hindsight shouldn't have done it, but that's what the 21-day safe harbor period under Rule 11 is for. That's the time to take stock, to take a step back and determine how to proceed appropriately Instead of acknowledging that at that time what they had quoted in the Second Amended Complaint was actually not true, he responded to our motion for sanctions saying that his actions were, quote, just, and proceeded along that path. And here we are, months and months later, after months of laborious litigation, all because of these made-up allegations. Well, is it your position that without the allegation that there was a direct request to get it off the air, that you couldn't make out a conspiracy? That's correct, and I think more specifically... I mean, we still have a situation where after the two judges discuss it, the judge sends an email to her former law partner discussing it and telling him that her kids listened to that radio program, right? I mean, you could infer something from that. Right, but there's no inference of acting under color of state law. Well, he pleads that they used the court email. Right, he pleads that she used the court email, and it's apparent that she did use the court email in her case. Asking a question or telling a, making an observation to a friend or asking a friend a question doesn't show that the judge was acting under color of state law, using her badge of authority to order someone to do something. And the reason why they, I suspect, they added the language that included the order is because that's what they needed, or at least that's what they thought they needed to make out that second prong under color of state law prong of their 1983 claim. Because under this court's Schaefer case, it's not enough that a member of, a government employee does something, and it doesn't, it's not even enough to do it during your course of business. It has to be, there has to be a close nexus between the position and what the alleged violation is here. And without that order, there simply is no nexus. And that's what the district court said when she dismissed the case as a sanction. She said, no matter how you look at this, all roads lead to total dismissal. And the reason for that is because if I dismiss it as a sanction, it will all be dismissed. If I just dismiss the 1983 claim as a sanction because that was that claim, it was sort of the centerpiece and what the email had the most effect on, then the rest falls out because they're state law claims that the district court wouldn't exercise jurisdiction over. But the court didn't just say, I'm not going to exercise jurisdiction. The court dismissed with prejudice both the federal and the state claims, right? That is correct. But I think this court, if it had questions about the dismissal with prejudice as a sanction, could affirm on alternative grounds. And I think the district court had that in mind when she was laying out sort of what the alternative grounds would be and why all roads do lead. I'm not following your alternative grounds, but what alternative grounds? So the alternative grounds would be, and I think there are a couple of different alternative grounds. One is to say, which appellants have argued, a lesser sanction should have been applied. The lesser sanction that the appellants proposed is simply striking the portion of the complaint that includes the doctored email and the related allegations, specifically paragraphs 50 and 51 of the second amended complaint. Once those are taken out and you look at the complaint, it doesn't state a claim under Iqbal and Twombly for a First Amendment. And so if you threw it out on a 12B6, then what would typically happen would be that the court would refuse to exercise supplemental jurisdiction over those state law claims, including the breach of contract claim, which as best I can tell doesn't have much of anything to do with the email. I paid you to run it this long. You canceled after one day. And you'd be able to pursue those in the state court, right? So I think that, and maybe this is what your question, Judge Matheson, was getting to. I guess the alternative grounds would be to affirm in part. That would be to affirm the dismissal of the 1983 claim with prejudice as a sanction, and then with respect to the state law claims, say that the district court would not have abused its discretion in letting those claims go under its discretion. And that is sort of what, that is what the district court outlined in her decision because she did address, you know, what would happen if I did look at a less severe sanction? What if I just struck those portions of the complaint? And what she said was, well, if I just struck those portions of the complaint, I would dismiss all of it anyway because I would decline to exercise jurisdiction over the state law claims. But wouldn't the state law claims then not suffer from a with prejudice dismissal? I think that's right. There would be a different posture in the state court. And in full disclosure, the plaintiffs have already filed a follow-up lawsuit in the state court. That, the state court issued a summary judgment order granting summary judgment to the defendants because of the, because the federal court claims were dismissed with prejudice as a sanction. Right. Res judicata. I mean. Correct. Right. And, I mean, isn't that kind of harsh? I mean, Rule 11 says a sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. I mean, this, this is a pretty harsh sanction here. It is a very harsh sanction. And the district court recognized that. And I think what's important to recognize is it wasn't just the initial violation. It wasn't just lying to the court and saying, hey, court, this is what the email said. The judge ordered Bill Wachter to get the ad off the air. Even though it wasn't true, even though they had no reasonable basis, no one with firsthand knowledge to say that was true. That, that was bad, but that wasn't all. Then once confronted with the real email, they didn't back up and say, okay, let me withdraw that. Let's change our, our complaint. They stuck with it. And they continued to litigate and to litigate. And instead of showing the 20-20 hindsight and what you see here today, they have, they have litigated this, you know, to the teeth from, from day one. And the Judge Robinson's concern, I think, was that they weren't getting the message. They weren't understanding how serious she took this. And as a district court judge, it's very difficult to manage her caseload and to manage her courtroom allowing these sorts of things to go on.  And that's exactly right. You have, you review all of this for an abusive discretion. You've passed the two-minute warning. So thank you for your question. May it please the Court, Bernard Rhodes for My Town Media and Joe Manz. Judge Phillips, I just want to follow up. Absolutely. I was trial counseled there and I wasn't, filed my answer four months before Mr. Ogameno filed a second minute complaint. He could have called me up and asked me about it. Not only that, the record will reflect and the supplemental appendix at page 342 on November 30th, before the Attorney General submitted his Rule 11 letter, I sent a letter to Mr. Ogameno attaching a copy of the email. We also had our Rule 26. Is that in the record, counsel? Yes, that's in the record. I'm sorry. That's at volume two of the supplemental appendix, pages 342 to 44. I was wondering about your role in addressing this whole issue because it's interesting that your attorney's fees were higher. Two reasons. One, I had a higher billable rate, even though it was $375 compared to $200. And second, as the Attorney General explained in his fee application, he didn't start keeping time records until he realized he was going to file a Rule 11 motion. Because I'm a private lawyer who gets paid by the hour, I have fee records from the beginning. That's why that's the discrepancy in the two. I have a question for you. Did My Town Media file a separate motion for sanctions? No, Your Honor. Isn't that required under Rule 11? Yes, Your Honor. So why should we award you anything under Rule 11? Because I believe this fits under the exceptional circumstances that this Court expressed in Hutchison for two reasons. First, there was a Rule 11 motion filed by my co-defendants. Your Honor, in the Barnard case, when you were back on the Court of Appeals, said, well, the reason that a letter doesn't count and that it's a motion is because a motion has gravitas. I mean, we all get cease and desist letters. I'll take all actions appropriate. But a motion means a motion. There was a motion here. There was notice to the appellants' counsel. There was notice to the appellants. There was an opportunity to cure. There was an opportunity to withdraw. We had a heated conversation in the Rule 26 conference on December 12th. That's reflected in the record, by the way. Well, was it just an oversight that you didn't file? No, it's not an oversight. I didn't file it for the same reason that the appellants did not object to my fee application on the grounds that they didn't file a motion. And the district court granted it, even though I disclosed to her because I didn't file a motion, because we all thought the motion filed by my co-defendants was sufficient. That's why it was not filed. Well, aren't we tied to the language of the rule? A motion for sanctions must be made separately from any other motion. No, Your Honor. And it's only as lawyers we love to talk about this. Look at footnote one to the decision you joined in, in the Barnard case, when you were on the Court of Appeals. On the Utah Court of Appeals? Yes. We're not bound by that. No, you're not bound by it. But the logic there is, you said a letter is required because it says, shall send a letter. But you said in footnote one, 21 days, maybe not required. There might be circumstances where we don't really need to comply with that. And that's what these circumstances are here. Absolutely nothing in the record whatsoever would have changed had I filed a one-page motion that said, me too. Well, you would have solved a lot, though, because we wouldn't even be talking about this. So you kind of bear the risk of not having filed a one-page motion, don't you? No, because you analyze that under plain error. The appellants never objected at the district court to the fact that I didn't file a motion. And they didn't argue plain error. And they didn't argue plain error here. I see my time is up. Well, you managed to get in the three minutes anyway. I think we'd better give counsel, would you like to take two more minutes? Yes, Your Honor. Thank you. All we are saying here is this. The rule requires that they should file a motion. I didn't say whether they have a co-counselor or not, a co-defendant or not. And they didn't file that motion. So that's what the rule specifically states. The other point that we'd like to discuss is the issue of the email. I think the district court was saying that we didn't do investigation as well. That was the basis for this action. We believe that we did sufficient investigation for us to be able to get that email out of the conspiracy. And if we haven't done that and we are not grateful for somebody who came forward. And the problem that we have is that some of the people that were supposed to give us affidavit, they are not willing to do that. Because at the time that we filed the motion to dismiss and motion to sanction, the court already dismissed the case. We can't get to them to give us an affidavit because they don't want to lose their job and not a reprisal in this small town. I think one of them is a practicing attorney in that town. He doesn't want to risk his livelihood there. So we believe that, yes, like I said, I will file a motion. And they are saying that we didn't object. We did object because when I filed a motion to alter for reconsideration, we call it. I did point out that they didn't file a motion that they shouldn't have been awarded any attorneys. Thank you very much. Thank you, counsel. Appreciate the arguments of counsel. The case shall be submitted and counsel are excused.